CHARLES J. MERRILL *vs.* EDWARD A. G. ROULSTONE.

An agreement made between a judgment debtor who has been arrested on execution and his creditor, during an adjournment of a hearing on the application of the former to take the poor debtors' oath, that the debtor shall pay and the creditor receive a certain sum monthly to an amount less than the judgment, in full satisfaction thereof, will not relieve the debtor from the duty of appearing before the magistrate at the time fixed for the adjourned hearing; and if he fails so to appear, it will be a breach of his recognizance, for which his surety thereon will be liable.

CONTRACT against the surety in a recognizance, the condition of which provided that the judgment debtor, who had been arrested on an execution in favor of the plaintiff, should within thirty days deliver himself up for examination, giving notice of the time and place thereof, and duly appear at said time and place, and from time to time until the examination was concluded, and not depart without leave of the magistrate, making no default at any time fixed for his examination, and abide the final order of the magistrate thereon.

At the trial in the superior court, before *Ames*, J., without a jury, it appeared that the judgment debtor presented himself before the magistrate for examination at the time and place appointed, and that the hearing was unfinished on that day, and several successive adjournments were made, said debtor appearing at each until July 27. On that day, the hearing being still unfinished, the case was further adjourned to the 31st, but neither the debtor nor creditor appeared before the magistrate on that last mentioned day. In the mean time an arrangement had been made that the debtor should make monthly payments of ten dollars, and he made one such payment on or about July 31. To this agreement the surety was not a party, and had no notice of it. It did not appear that the creditor executed any release or made any other agreement, except to receive monthly payments of ten dollars to an amount less than the entire original judgment, which should be in full satisfaction. A second instalment was paid at about September 1, and this suit was begun at about the time the third one became due, and the judge found as a fact that it was in consequence and by reason of this agreement as to monthly payments that the examination before the magistrate was discontinued.

Upon these facts, the judge found for the defendant; and the plaintiff alleged exceptions.

*E. M. Bigelow*, for the plaintiff, cited *Abbott* v. *Tucker*, 4 Allen, 72; *Jennings* v. *Chase*, 10 Allen, 526 ; 2 Greenl. Ev. § 28.

*J. Rutter*, for the defendant, cited *Greely* v. *Dow*, 2 Met. 176; *Gifford* v. *Allen*, 3 Met. 255; *Harris* v. *Brooks*, 21 Pick. 195; *Johnson* v. *Mills*, 10 Cush. 503.

Foster, J. The question to be determined is the legal effect of the agreement between the execution creditor and debtor upon the surety on the debtor's recognizance that the latter would appear before a commissioner and be examined on his application to take the poor debtors' oath, and of the subsequent conduct of the parties. Pending the examination, the creditor and debtor agreed that the latter should pay and the former receive ten dollars monthly to an amount less than the judgment, and in full satisfaction of it. This was the only contract between them. At

the adjournment of the examination, in consequence of this agreement neither party attended. The surety insists that this agreement was in legal effect a release of the debtor from obligation to appear, and a waiver of all right to continue the examination and pursue the arrest on execution. The creditor contends that, if the agreement had any validity, it amounted not to a discharge of the judgment or execution or arrest, but only to an executory agreement not to object to the debtor's discharge by the magistrate, which would relieve the person of the debtor, but leave the judgment in force and an execution liable to issue against his goods and estate. The latter construction is the one we adopt.

If the debtor had attended at the adjournment, in the absence of the creditor, he would have been entitled, without examination and without taking the oath, to a discharge from arrest, and to exemption from any future arrest for the same cause of action. But the judgment would have remained in full force. Gen. Sts. c. 124, § 48. By the condition of the recognizance the debtor was, among other things, to appear at the time and place of the examination, " and from time to time until the same was concluded, and not depart without leave of the magistrate, making no default at any time fixed for his examination, and abide the final order of the magistrate thereon." Was this condition broken in the present case ? If the debtor and creditor had both attended, and the oath had been refused, the debtor could have departed without a breach of the recognizance, unless the creditor had procured an officer to take him into custody. *Jacot* v. *Wyatt*, 10 Gray, 236. Had the creditor, being present, refused to advance the fees of the magistrate, or had he failed to appear in person or by attorney, the debtor would have been entitled to a discharge without taking any oath. *Phillips* v. *Gray*, 1 Allen, 492. Gen. Sts. c. 124, § 48. But the debtor is bound to secure the attendance of a magistrate; and if he fails to do so the recognizance is broken. *Thacher* v. *Williams*, 14 Gray, 328. The condition of the recognizance is an act to be performed by the debtor, or he and his surety are liable upon it. If in the absence of the magistrate, the presence of the debtor is of no avail; in

the presence of the magistrate, the absence of the debtor muۡ be equally a forfeiture of the recognizance. Upon a failure of the creditor to appear or to pay the fees, there is still to be a discharge granted and certificate thereof made by the magistrate. If the debtor is not present to have this done, he certainly fails to appear until the examination is concluded, and departs without the leave of the magistrate.

An entire abandonment of the arrest by the creditor and consent to the debtor's release without any proceedings operate as a satisfaction of the judgment. *Coburn* v. *Palmer*, 10 Cush. 273. *Kennedy* v. *Duncklee*, 1 Gray, 65. We cannot think such to have been within the contemplation of the parties in the present case, or that it is the legal result of their contract oɪ arrangement. Assuming that to have been founded upoɪ a sufficient consideration and binding upon them, (a point not free from doubt, *Doane* v. *Bartlett*, 4 Allen, 74,) the utmost construction we can put upon it is that the creditor was bound not to oppose the debtor's discharge. It did not relieve the debtor from the necessity of attending at the adjournment, and having a magistrate present to pass the proper orders.

The finding of the judge at the trial having proceeded upon a different view, the exceptions are sustained.